```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
CEDRIC L. BAKER,

                      Plaintiff,              05-CV-6070T
v.

CITY OF ROCHESTER, SUSAN L. HAUSER,            DECISION
AND DAVID W. HUBER,                            and ORDER


                      Defendants.
_____
```

Plaintiff Cedric Baker, proceeding pro se, brings this action against defendants the City of Rochester, Susan Hauser, and David Huber in connection with the tax foreclosure and sale of a home located at 19 Borchard Street in the City of Rochester.[1] Plaintiff, who was a tenant in the home, and not the owner of the home, claims that the defendants conspired to violate his civil rights by "stealing" his home and depriving him of his property.

By motion dated August 8, 2005, plaintiff moves for summary judgment against the defendants. On October 7, 2005, defendants moved to dismiss the complaint on grounds that plaintiff has failed to state a cause of action. Plaintiff has not opposed defendants' motion. For the reasons set forth below, I grant defendants' motion to dismiss, and deny plaintiff's motion for summary judgment.

---

[1] City Court Judge Melchor Castro, who was also named as a defendant in plaintiff's complaint, was dismissed from this action on grounds of judicial immunity pursuant to this court's May 19, 2005 Decision and Order.

Plaintiff's Complaint fails to state a cause of action. To state a claim for the deprivation of property without due process of law, a plaintiff must establish that he was deprived of a cognizable property interest. <u>Moody Hill Farms Ltd. Partnership v. U.S. Dept. of the Interior, National Parks Service</u>, 205 F.3d 554 (2nd Cir. 1999). In the instant case, because the plaintiff did not own the home that was foreclosed upon, he has failed to state a claim that he was deprived of property without due process of law. While the plaintiff may have entered into a contract with his landlord and thus may have had a contractual right to reside at 19 Borchard Street, that right does not create standing for the tenant to challenge, on federal constitutional grounds, City Court foreclosure proceedings that have long since ended. Moreover, the unrebutted evidence in the record establishes that the City of Rochester complied with all state and federal mandates with respect to the foreclosure proceedings initiated against the owner of 19 Borchard Street. The City provided proper and adequate notice of the proceedings, and afforded the property owner the opportunity to cure the tax deficiency and/or oppose the foreclosure proceedings. Accordingly, I find that even if the plaintiff did have standing to raise a constitutional challenge to the foreclosure proceedings initiated against property he did not own, his challenge in this action is without merit.

For the reasons set forth above, I grant defendants' motion to dismiss, and deny plaintiff's motion for summary judgment. Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

                                              S/Michael A. Telesca
                                      _____
                                            MICHAEL A. TELESCA
                                      United States District Judge

DATED:   Rochester, New York
         December 8, 2005