UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
CEDRIC L. BAKER,

                        Plaintiff,              05-CV-6070T

v.

CITY OF ROCHESTER, SUSAN L. HAUSER,            DECISION
AND DAVID W. HUBER,                            and ORDER


                        Defendants.
_____


        Plaintiff Cedric Baker, proceeding pro se, brought this action

against defendants the City of Rochester, Susan Hauser, and David

Huber in connection with the tax foreclosure and sale of a home

located at 19 Borchard Street in the City of Rochester.[1]

Plaintiff, who was a tenant in the home, prior to his purchasing

the home days before the foreclosure sale took place, claims that

the defendants conspired to violate his civil rights by "stealing"

his home and depriving him of his property.

        By Order dated December 8, 2005, I dismissed plaintiff's

complaint on grounds that plaintiff lacked standing to raise a due

process claim in connection with the foreclosure on the home

because he was not the owner of the home at the time the

foreclosure proceedings took place.   Plaintiff now seeks

_____

        [1] City Court Judge Melchor Castro, who was also named as a
defendant in plaintiff's complaint, was dismissed from this
action on grounds of judicial immunity pursuant to this court's
May 19, 2005 Decision and Order.

reconsideration of this court's Order, on grounds that, among other things, he was the owner of the home at the time of the foreclosure sale (and therefore has standing to contest the foreclosure proceeding); he was not notified that his failure to respond to the motion for summary judgment could result in the dismissal of his case; that this court is biased against minority citizens, and that he was denied the right to confront his accuser. Plaintiff also seeks "habeas corpus" relief.

Assuming plaintiff's allegations to be true, plaintiff has still failed to state a viable cause of action, and fails to state a basis for reconsideration. According to the plaintiff, he bought the property from the former owner on or about September 22, 2004. He therefore claims that he has a right to contest the foreclosure proceedings that resulted in the October 6, 2004 sale of the property.

Defendant, however, has submitted unrebutted evidence that a judgment of foreclosure had been issued by the New York State Supreme Court on September 1, 2004, prior to the plaintiff's alleged purchase of the property. Therefore the foreclosure proceedings, with the exception of the sale itself, had been completed prior to any time in which the plaintiff had an ownership interest in the property. Because plaintiff was not the owner of the property during the period that the owner had an opportunity to contest the foreclosure, Baker did not have any constitutional rights with respect to those proceedings. Upon plaintiff's

purchase of the property in September, 2004, the only way he could have prevented the foreclosure sale was by paying the amount of the tax liability plus any fees or costs owed, the sum of which had been determined in the foreclosure proceedings.  Because plaintiff did not make such a payment, the property was auctioned and sold to the highest bidder.  Accordingly, plaintiff has no standing to challenge the foreclosure proceedings to which he was not a party.

Moreover, plaintiff's conclusory allegations that the foreclosure proceedings were unconstitutional fail to rebut the evidence submitted by the defendant indicating that all local, state, and federal laws were complied with in connection with the foreclosure proceedings and sale at auction of the home at 19 Borchard Street.  Finally while the notice of motion did fail to warn plaintiff of the potential consequences of his failure to object to the defendants motion, I find that plaintiff has had a fair opportunity to raise objections to the motion, and indeed has done so in his motion for reconsideration.  Thus, granting the motion for reconsideration for purposes of requiring defendant to file an amended notice of motion would be futile, as plaintiff has failed to establish the violation of any of his constitutional rights in connection with the foreclosure and sale of the home at 19 Borchard Street.

For the reasons set forth above, plaintiff's motion for reconsideration is denied.

ALL OF THE ABOVE IS SO ORDERED.

                              S/Michael A. Telesca
                        _____
                              MICHAEL A. TELESCA
                        United States District Judge

DATED:    Rochester, New York
          March 14, 2006